## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## _____ DIVISION

Charles Martin

1:20CV1003

(Enter Above the Name of the Plaintiff in this Action)

vs.

Mitsubishi Electric Automative America Inc

(Enter above the name of the Defendant in this Action)

If there are additional Defendants, please list them:

_____

_____

_____

_____

J. BARRETT

M.J. BOWMAN

### COMPLAINT

I. **Parties to the action:**

Plaintiff: Place your name and address on the lines below. The address you give must be the address where the court may contact you and mail documents to you. A telephone number is required.

Charles Juwan Martin

Name - Full Name Please - PRINT

8317 Kenwood Rd. Apt D11

Street Address

Cincinnati, OH 45385

City, State and Zip Code

(937) 971-0304

Telephone Number

If there are additional Plaintiffs in this suit, a separate piece of paper should be attached immediately behind this page with their full names, addresses and telephone numbers. If there are no other Plaintiffs, continue with this form.

Defendant(s):

Place the name and address of each Defendant you listed in the caption on the first page of this Complaint. This form is invalid unless each Defendant appears with full address for proper service.

1. Mitsubishi Electric Automotive America Inc.
   Name - Full Name Please

   4773 Bethany Rd. Mason, OH 45040
   Address: Street, City, State and Zip Code

2. _____
   _____

3. _____
   _____

4. _____
   _____

5. _____
   _____

6. _____
   _____

If there are additional Defendants, please list their names and addresses on a separate sheet of paper.

II. Subject Matter Jurisdiction

Check the box or boxes that describes your lawsuit:

☑ Title 28 U.S.C. § 1343(3)
   [A civil rights lawsuit alleging that Defendant(s) acting under color of State law, deprived you of a right secured by federal law or the Constitution.]

☐ Title 28 U.S.C. § 1331
   [A lawsuit "arising under the Constitution, laws, or treaties of the United States."]

☐ Title 28 U.S.C. § 1332(a)(1)
   [A lawsuit between citizens of different states where the matter in controversy exceeds $75,000.]

☐ Title _____ United States Code, Section _____
   [Other federal status giving the court subject matter jurisdiction.]

-2-

III.  Statement of Claim

Please write as briefly as possible the facts of your case.  Describe how each Defendant is involved.  Include the name of all persons involved, give dates and places.

Number each claim separately.  Use as much space as you need.  You are not limited to the papers we give you.  Attach extra sheets that deal with your statement claim immediately behind this piece of paper.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

-3-

**IV. Previous lawsuits:**

If you have been a Plaintiff in a lawsuit, for each lawsuit state the case number and caption.
(Example, Case Number: 2:08-cv-728 and Caption: <u>John Smith</u> vs. <u>Jane Doe</u>).

<u>Case Number</u>                    <u>Caption</u>

_____          _____ vs. _____

_____          _____ vs. _____

_____          _____ vs. _____

**V. Relief**

In this section please state (write) briefly exactly what you want the court to do for you.  Make no legal
argument, cite no case or statutes.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

I state under penalty of perjury that the foregoing is true and correct.  Executed on

this _11th_ day of _December_ , 20_20_.

_____
Signature of Plaintiff

-4-

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO
CINCINNATI OHIO

Charles Martin
8317 Kenwood Road, Apt. D-11
Cincinnati, OH   45236

|  |  |
|---|---|
| **Plaintiff** | Case No. _____ |
|  |  |
|  | (          **J.)** |
| **v.** | (          **Mag.)** |

Mitsubishi Electric Automotive America, Inc.
4773 Bethany Road
Mason, OH 45040

**Defendant**

## COMPLAINT

Charles Martin, for his Complaint, states as follows:

## PARTIES

1. Plaintiff Charles Martin is an African-American citizen of the United States and a resident of the State of Ohio, residing at the address listed in the above captioned Complaint in Hamilton County, Ohio, which is within the jurisdiction of this Court.

2. Defendant Mitsubishi Electric Automotive America Inc. is engaged in the manufacturing, warehousing and sale of electronic automotive components at its facility at 4773 Bethany Road, Mason, Ohio, which is within the jurisdiction of this Court.

## JURISDICTION

3. Jurisdiction lies with this Court because this case raises issues of federal law, namely whether Defendant has discriminated against Plaintiff under Title VII of the Civil Rights Act, 42 U.S.C 2000e *et seq*. and Section 11(c) of the Occupational Safety and Health Act (OSHA)

4. On or about July 28, 2020, Charles Martin filed timely charges with the Equal Employment Opportunity Commission (the "EEOC"), alleging discrimination on the basis of race. A copy of these charges is attached hereto as Attachment A. On or about September 13, 2020 he received a Notice of Right to Sue from the EEOC, a copy of which is attached hereto as Attachment B.

5. Supplemental jurisdiction over supplemental state claims also lies with this Court pursuant to 28 U.S.C. Sec. 1367.

## FACTS

6. Plaintiff Charles Martin ("Mr. Martin") is an African-American Male.

7. Ms. Martin was hired by Mitsubishi Electric Automotive American ("Mitsubishi") in September 2017, and assigned to its Warehouse Department. He performed well in that capacity and was well-regarded by his managers and supervisors.

8. On September 11, 2019, Mr. Martin lost control of his assigned forklift due to a sudden malfunction in its drive mechanism which was beyond his control. As a result, the forklift crashed into a concrete wall causing damage to the wall and the forklift.

9. Shortly thereafter, Mitsubishi summarily demoted Mr. Martin by transferring him to a lower-paying position in its Production Department, notwithstanding the fact that he had promptly reported the accident, he had as of that time a spotless disciplinary and attendance record, the accident was not his fault, and numerous Caucasian co-workers had been involved in similar or more aggravated workplace accidents without being transferred, demoted. or otherwise disciplined.

10. Upon being transferred to Mitsubishi's Production Department, Mr. Martin's assigned supervisors embarked on a series of "coachings" and more formal disciplines of steadily-increasing severity leading to his suspension in early June, 2020. These measures included, but were not limited to:

    a. "Coaching" him for not wearing an appropriate work uniform.

    b. Being late one minute or less for an employee-management group meeting

    c. Not texting Mitsubishi's Human Resources Department on a daily basis as to the status of his illness during a multi-week sick leave.

11. Mitsubishi engaged in the conduct set forth in Paragraph 10 notwithstanding the fact that either some of these alleged offenses had no basis in fact, numerous of Mr. Martin's Caucasian co-workers engaged in the same alleged misconduct but were not disciplined, or both.

12. From the time of Mr. Martin's demotion to the Production Department forward, his supervisors approached a number of Mr. Martin's co-workers and solicited them to make unfavorable statements about his performance and attitude, whereupon they refused to do so.

13. At some point after Mr. Martin's demotion to the Production Department, Mr. Martin's first line supervisor and other members of management criticized him and made derogatory statements to him about his socializing with a Caucasian female co-worker both on and off the job.

14. On June 10, 2020, Mitsubishi terminated Mr. Martin, ostensibly for failing to text its Human Resources Department on a daily basis during his previously issued suspension earlier in June, 2020, notwithstanding the fact that he had in fact communicated with the Human Resources Department on a daily basis as instructed.

15. Mitsubishi's cited reasons for "coaching" disciplining, suspending and terminating Mr. Martin were seized upon as pretexts to conceal its real reasons for taking such actions, namely his status as an African American.

## COUNT ONE

### Race Discrimination in Violation of Title VII of the Civil Rights Act

16. Mr. Martin re-alleges all the foregoing paragraphs as if fully incorporated herein.

17. By engaging in the conduct set forth in Paragraphs 9 through 15 above, Mitsubishi discriminated against Mr. Martin because of his race in violation of Title VII of the Civil Rights Act.

## COUNT TWO

### Race Discrimination in Violation of Ohio Revised Code Chapter 4112.02 *et seq.*

18. Mr. Martin re-alleges all of the foregoing paragraphs as if fully incorporated herein.

19. By engaging in the conduct ser forth in Paragraphs 9 through 15 above, Mitsubishi discriminated against Mr. Martin because of his race in violation of Ohio Revised Code Chapter 4112.02 *et seq.*

## COUNT THREE

### Retaliation for Filing OSHA Complaint Against Mitsubishi

20. Mr. Martin re-alleges all of the foregoing paragraphs as if fully incorporated herein.

21. Shortly after Mr. Martin was involved in the workplace accident described in Paragraph 8 above, the exact date being unknown, he filed a Complaint with OSHA calling to its attention the danger posed to himself and his co-workers due to the malfunctioning drive mechanism of the company-issued forklift he had been driving

22. Mitsubishi knew or should have know that Mr. Martin was the one who filed the OSHA Complaint

23. By engaging in the conducts set forth in Paragraphs 9 through 15 above, Mitsubishi retaliated against Mr. Martin because he filed the OSHA Complaint set forth in Paragraph 21 above.

**WHEREFORE,** Plaintiff Charles Martin demands the following relief from Defendant Mitsubishi Electric Automotive American:

a) Lost wages and benefits already suffered Mr. Martin by virtue of Mitsubishi's unlawful conduct described above

b) Net lost wages and benefits that he will realize into the future

c) $50,000 to compensate him for the pain and suffering he has endured and will continue to endure as a result of Mitsubishi's discipline and termination.

d) Reimbursement for attorneys' fees and costs Mr. Martin has incurred, and will continue to incur to pursue and prosecute his claims

e) Any and other such relief which may be deemed appropriate by this Court.

Respectfully submitted,

_____

Charles Martin, On his own behalf.
8317 Kenwood Road, Apt #D11
Cincinnati, Ohio, 45236
(937) 971-0304 (cell)
Charles.Martin@kysu.edu